UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

OGEECHEE-CANOOCHEE RIVERKEEPER, INC.,

Plaintiff,

v.  608CV064

T.C. LOGGING, INC. and HENRY THOMAS CLARK,

Defendants.

## ORDER

Before the Court is Defendants' motion to strike the affidavit of Dr. Bruce Pruitt, Plaintiff's expert on wetlands ecology and stream hydrology. Doc. # 70. Defendants argue that Dr. Pruitt's affidavit, doc. # 66-3, filed with the Court on 9/17/09, contained additional opinions in violation of Rule 26. Doc # 70 at 1-3; *see* F.R.Civ.P. 26(a)(2)(C) (requiring disclosure of expert testimony "at the times and in the sequence that the court orders"). Plaintiff, however, suggests that Defendants have "mischaracterized the substance of Dr. Pruitt's affidavit" and that "the vast majority of Dr. Pruitt's affidavit came *directly* from his expert report." Doc. # 71 at 2 (emphasis in original).

The Court agrees with Plaintiff. After reviewing relevant portions of Dr. Pruitt's expert report, doc. # 57-3, and the affidavit in question, doc. # 66-3, the Court sees little in the way of "additional opinions" in the latter.[1]

Defendants' motion to strike the affidavit of Dr. Bruce Pruitt is *DENIED*. Doc. # 70.

This day of 30 November 2009

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendants alternatively argue that Plaintiff has improperly supplemented Pruitt's expert report in violation of Rule 26(e). Doc. # 70 at 2; F.R.Civ.P. 26(e) (requiring a party to supplement an expert report when a "disclosure or response is incomplete or incorrect"). The Court disagrees. Rule 26(e) is not at play here as Plaintiff does not supplement Dr. Pruitt's report but, instead, selectively reiterates portions of it.